Filed 5/8/14  P. v. Aponte CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KIM APONTE,<br><br>  Defendant and Appellant. | D064648<br><br><br><br>(Super. Ct. No. SCD244118) |

APPEAL from a judgment of the Superior Court of San Diego County, Matias R. Contreras, Judge.  (Retired Judge of the Imperial County Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

A jury convicted Kim Aponte of one count of using a tear gas weapon, not in self-defense (Pen. Code, § 22810, subd. (g)(1)).  Prior to trial, the court suspended criminal proceedings to evaluate Aponte's competence to stand trial.  She was ultimately found competent and criminal proceedings were reinstated.

The court denied probation and sentenced Aponte to two years local prison custody. Probation was revoked on two other cases and Aponte was sentenced to a two-year concurrent term. Various fines and fees were imposed as required by statute. Aponte filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues. We offered Aponte the opportunity to file her own brief on appeal, but she has not responded.

STATEMENT OF FACTS

The victim in this case is Aponte's husband. They have been married over 24 years and have five children. The offense occurred on October 25, 2012, while Aponte and her husband were attending various medical appointments. Among other things the argument focused on Aponte's stated need to make more medical appointments for a described condition. Her husband wanted proof of the new condition before making more appointments. As the argument escalated, Aponte got out of the driver's seat and into the back seat. When she got into the back seat, she rummaged through her purse and took out a key chain with a canister of pepper spray on it. Aponte then said, "I got your . . . proof right here." Pepper spray was then splashed off the dashboard and door handle into her husband's face. Aponte then helped her husband get out of the car and walked him to the curb. She then told him to find his own way home and drove off. Mr. Aponte was able to call one of their sons and get a ride home.

Aponte was later arrested on an outstanding warrant and thereafter charged with the current offense.

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra,* 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies a possible, but not arguable issue:

Whether the trial court erred in instructing the jury on principles of general criminal intent, rather than instructing on principles of specific intent?

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738 and have not found any reasonably arguable appellate issues. Competent counsel has represented Aponte on appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


IRION, J.

3